## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, et al., | ) Case No.:   2:11-cv-01153-ALM-MRA ) |
| Plaintiffs | )   Judge Algenon L. Marbley ) ) |
| vs. | ) ) |
| BMW OF NORTH AMERICA, et al. | ) ) |
| Defendants. | ) |

## PROTECTIVE ORDER

NOW on this 22 day of March , 2013, for good cause shown and with the consent of the parties, it is hereby ordered and the parties hereby stipulate as follows:

1. The purpose of this Stipulated Protective Order (the "Protective Order") is to facilitate expeditious discovery and exchange of information and documents in the above captioned action (hereinafter the "Action") and protect the interests of all Parties' confidential and commercially-sensitive information and documents.

2. This Protective Order shall govern the handling of documents, deposition exhibits, portions of any marked deposition transcripts, interrogatory responses, admissions, electronic data and any other information (hereinafter "information") produced, governed or exchanged by and among any person or entity, whether a party or a nonparty (hereinafter "person") and whether acting on its own or through counsel to the Action.

3. The information contained or disclosed in material that has been designated as "Confidential" or "Confidential – Attorneys' Eyes Only" in accordance with this Protective Order shall be referred to as "Protected Information." Protected Information shall be used solely

for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever.

4. Information containing trade secrets, proprietary research, product research and development, product design and manufacturing, or commercial or business information may be designated as confidential. A party may designate any other information as "Confidential" if the party believes in good faith that there is good cause to treat the information as confidential.

5. Information may be marked "Confidential – Attorneys' Eyes Only" only when a party reasonably believes that it contains proprietary and/or confidential information so sensitive that disclosure of such information to persons other than counsel and their non-party experts is likely to harm the designating person(s).

6. Protected Information shall be prominently marked "Confidential" or "Confidential-Attorneys' Eyes Only" by the disclosing party prior to furnishing such information. To designate any electronic information as confidential, a party shall stamp "Confidential" or Confidential – Attorneys' Eyes Only" on the media on which the electronic information is produced, and any such designation will apply to the electronic content contained on that media.

7. If a party inadvertently fails to designate Protected Information as "Confidential" or "Confidential – Attorneys' Eyes Only" when that information is produced, disclosed, or otherwise provided in this litigation, the party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof. The information shall then be treated as if the designation of "Confidential" or "Confidential – Attorneys' Eyes Only" had been made when the Protected Information was first produced, disclosed or otherwise provided in this litigation.

8. Information subject to a claim of attorney-client privilege or work product immunity inadvertently or mistakenly produced shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or work-product immunity for such information.  Any person receiving information subject to a claim of attorney-client privilege or work product immunity shall return the original and all copies of such information to the disclosing party within ten (10) days after being notified of the inadvertent or mistaken disclosure.

9. Confidential information produced by third parties may also be marked "Confidential" or "Confidential – Attorneys' Eyes Only."  A party may designate Protected Information produced by third parties as confidential by providing a log to the other Parties.  The log shall identify the Protected Information by Bates number, if available, or by description of the information for which it claims confidentiality under this Protective Order.  The Parties will then prominently mark all such information in their possession as "Confidential" or "Confidential – Attorneys' Eyes Only."  The designating party shall have thirty (30) days, which may be extended by agreement, to provide the log.

10. Counsel shall not furnish any document or disclose any information designated as "Confidential" pursuant to this Protective Order except as provided herein:

    a. A party may, without any waiver of "Confidential" status, disclose to any person "Confidential" information of which it is the source.

    b. A party may disclose "Confidential" information of which it is <u>not</u> the source as follows:

        i. "Confidential" information may be used to take or defend testimony at any deposition, hearing or trial in this action subject to the requirements of paragraph 13.

        ii. "Confidential" information may be used in any oral or written argument in the case, subject to the requirements of paragraph 14.

                Any transcript of any oral argument referring to "Confidential" information shall be made available only to persons qualified to receive "Confidential" documents and information under this Protective Order.

        iii.    "Confidential" information may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial subject to the requirements of paragraphs 11 and 13.

11.    "Confidential" information may be disclosed to the following persons (hereinafter "Qualified Persons"):

    a.    Outside counsel subject to this Order for any party to this Action and their associates, paralegal, clerical or service support staff;

    b.    In-house counsel for any party to this Action and their associates, paralegal, clerical or service support staff;

    c.    Experts or consultants (including their employees and/or support staff) retained by a party to this Action;

    d.    Deponents or hearing witnesses and court reporters, in accordance with paragraph 15.

    e.    The court and its personnel;

    f.    The parties;

    g.    Any person agreed to in writing by the parties.

12.    Information stamped "Confidential – Attorneys' Eyes Only" and produced in this Action may not be disclosed to any person other than those designated in subparagraphs 11(a), 11 (c), 11(d), 11(e) and 11 (g).  A party may, without any waiver of "Confidential – Attorneys' Eyes only" status, disclose to any person "Confidential – Attorneys' Eyes Only" information of which it is the source.

13.    Except as otherwise provided in this Protective Order, any disclosure or dissemination of Protected Information shall be preceded by execution of a declaration in a form

substantially similar to the Declaration attached as "Exhibit A." Each executed Declaration shall be kept on file by counsel who obtained that Declaration and shall be available for inspection by the Court or a party's counsel upon good cause shown. Counsel of record shall exchange the signed Declarations upon request at the conclusion of litigation.

While this Protective Order shall in all other respects apply to the following persons, declarations shall not be required of:

    a.    Counsel of record and legal, paralegal, clerical, secretarial, and other persons employed by counsel of record for any party on a regular basis and not solely for purposes of the instant litigation;

    b.    The parties, or their employees, officers, and directors, to the extent such disclosure pertains to "Confidential" information only and is necessary for the carrying out of their respective duties in connection with this litigation.

14.    If it becomes necessary for a party to file Protected Information with the Court, either directly or as a part of another paper, the party shall file a motion for leave to file the documents under seal and file the documents according to Rule 79.3 of the Southern District of Ohio Civil Rules.

15.    If a person believes that Protected Information belonging to it has been or may be disclosed in the course of any deposition (whether through any question, answer, colloquy and/or exhibit), then such person may designate the deposition, portion thereof, or exhibit as "Confidential" or "Confidential – Attorneys' Eyes Only" by (1) stating on the record of the deposition that such deposition, portion thereof, or exhibit is "Confidential" or Confidential – attorneys' Eyes Only" or by (2) stating in a writing served on counsel for the other party, up to thirty (30) days after receipt of such deposition transcript by the designating person, that such deposition, portion thereof, or exhibit is "Confidential" or Confidential – Attorneys' Eyes Only." The deposition transcript and exhibits shall be treated as "Confidential" in accordance with the

5

provisions of this Protective Order until written designation is made or the time within which to make such designation has expired.  When a claim of confidentiality is made at any deposition, all persons in attendance who, by virtue of the terms of this Protective Order, do not have access to such Protected Information shall be excluded from attendance at the portion or portions of the deposition at which such Protected Information will be or might be disclosed.  If any deposition, portions thereof, or exhibits are identified as "Confidential" or "Confidential – Attorneys' Eyes Only," then all originals, copies, and synopses thereof shall be marked in accordance with this Protective Order.  If all or part of a videotaped deposition is designated as confidential, the video media shall be labeled "Confidential" or "Confidential – Attorneys' Eyes Only."  Nothing in this Protective Order shall be construed to limit the right of the producing person to use its Protected Information for any purpose.

16. The "Confidential" or "Confidential – Attorneys' Eyes Only" status of all Protected Information shall survive the conclusion of this litigation.  At the conclusion of this litigation, everyone shall return that information (and all copies of that information) to the designating counsel of record.  The designating party shall pay any shipping costs incurred in returning all information (and all copies of that information) at the conclusion of this Action.  Upon request, counsel of record shall certify in writing that they have complied with this paragraph.  Persons other than counsel of record to whom Protected Information has been disclosed also shall certify in writing that they have complied with this paragraph upon request by the designating party.

17. Upon request, the designating party agrees to store any and all documentation received from a party's counsel for a specified time period, not to exceed seven (7) years from the conclusion of the Action.

Case: 2:11-cv-01153-ALM-MRA Doc #: 31 Filed: 03/25/13 Page: 7 of 10  PAGEID #: 128

18. Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information including, but not limited to, defenses or objections to the discovery or production of information, and to the use or admissibility at trial of any evidence, whether or not comprise of information governed by this Protective Order.  A party may seek relief from any of these provisions or challenge the designation of confidentiality of any information by motion to this Court with notice and an opportunity to be heard provided to all parties, and any third party producing such information.

19. If a party objects to another party's designation of Protected Information, it shall advise the designating party in writing of the reasons for the objection, and the designating party shall have fifteen (15) days to review the matter.  The party objecting shall attach a copy of the Protected Information subject to challenge or shall identify such information by production number or other appropriate designation and shall set forth in detail the reason for the objection. If the designating party decides to retain the "Confidential" or Confidential – Attorneys' Eyes Only" designation, the objecting party may move for an order to remove the designation.  The information at issue shall be treated as Protected Information until the Court rules on any such motion.  For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this Paragraph.

20. This Protective Order shall be binding on any future party to this litigation who executes it.

21. This Protective Order shall continue in force after the completion of this litigation including, without limitation, any appeal therefrom.

22. In entering into this Protective Order, the parties preserve all rights and objections they may have in this lawsuit to the use of Protected Information.

7

23. The provisions of this Protective Order may be modified upon written agreement of the parties or upon application to this Court for good cause shown.

SO STIPULATED:

This \_\_\_\_ day of _____, 2013  _____
Paul R. Bartolacci
Date: _____  pbartolacci@cozen.com
Cozen O'Conner
1900 Market Street
Philadelphia, PA 19103
*Attorney for Plaintiffs*

Date: _____  _____
Jonathan W. Philipp
jonathan.philipp@zurichna.com
Philipp & Gregory
5005 Rockside Road
Suite 200
Independence, OH 44131
*Attorney for Defendant Brentlinger Enterprises*

Date: _____  _____
Lawrence A. Sutter (0042664)
John R. Conley (0084079)
Sutter O'Connell
3600 Erieview Tower
1301 E. 9th Street
Cleveland, Ohio 44114
Phone: (216) 928-2200
Fax: (216) 928-4400
*Attorneys for Defendants BMW of North America and BMW AG*

IT IS SO ORDERED:

s/Mark R. Abel_____
United States Magistrate Judge

8

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY, et al., | ) Case No.: 2:11-cv-01153-ALM-MRA ) ) Judge Algenon L. Marbley |
| Plaintiffs | ) ) |
| vs. | ) ) |
| BMW OF NORTH AMERICA, et al. | ) ) |
| Defendants. | ) |

**NON-DISCLOSURE AGREEMENT**

By signing below, I acknowledge and agree as follows:

1. I have received and read a copy of the Protective Order entered by the United States District Court, Southern District of Ohio, Eastern Division in this case.

2. I agree to be bound by the terms of the Protective Order. I understand that documents and information which are to be disclosed to me by counsel of record for _____ (name of party) are to be used by me solely to assist such counsel in prosecution or defense of claims involved in the action <u>Great Northern Insurance Company, et al. v. BMW of North America, et al.</u>  I further understand that a Protective Order entered by the Court, a copy of which has been shown to me and which I have read, prohibits me from either using such documents and information for any other purpose or disclosing such documents and information to any person other than counsel of record for _____ (name of party) or person assisting them, or to the Court via report, deposition and/or testimony.  In accepting disclosure of documents to me, I agree to be bound by that Protective Order and submit to the jurisdiction of the Court for the purposes of its

enforcement.  At the conclusion of the case, or my involvement in the case, should that occur sooner, I will return all "Confidential" or "Confidential – Attorneys' Eyes Only" information I have to the attorney who provided it to me.  Upon request, I will confirm in writing that I have complied with the terms of the aforementioned Protective Order.

   3.  I submit to the jurisdiction of the United States District Court for the Southern District of Ohio, for purposes of enforcement of this Non-Disclosure agreement and the Protective Order.

_____, 2013

            _____
            Signature

            _____
            Printed Name

            _____
            Address

            _____
            Address